### FRANCISCO v. DIAZ et al.
### No. 16779.

Court of Appeal of Louisiana. Orleans.

May 2, 1938.

Robert A. Ainsworth, Jr., and M. C. Scharff, both of New Orleans, for appellant.

Gordon B. Hyde, of New Orleans, for appellee.

JANVIER, Judge.

This is a suit for damages for personal injuries. Plaintiff, praying for judgment for $8,421, alleges that at about 10:30 o'clock on the morning of August 16, 1934, as he was riding his bicycle up North Claiborne avenue on the right-hand side of the lake side driveway, an automobile truck owned by defendant, Robert L. Diaz, and operated, within the scope of his employment, by an employee, Andrew Allen, "swerved over against your petitioner, * * * crushing him against an automobile parked on North Claiborne Avenue, * * * smashing his bicycle and throwing him to the ground." He asks for solidary judgment against Diaz and Owners Automobile Insurance Company, which corporation, he alleges, had issued a policy of liability insurance to Diaz.

Defendants admit that plaintiff was injured on the day specified in the petition, but they aver that the accident occurred at about 1 o'clock in the afternoon and not at 10:30 in the morning, as plaintiff alleges, and deny that the truck swerved into him, charging that, on the contrary, the cause of the accident was the carelessness of plaintiff himself in hanging onto the rear of the truck in order to be pulled along on his bicycle. They aver that "at the time of said injury said plaintiff was hanging on to said truck with his hand, using the momentum thereof to convey him and his bicycle along the streets, and through some manner unknown to defendants the bicycle became entangled with said truck, causing both the bicycle and the plaintiff to fall to the ground."

There was judgment for defendants, and plaintiff has appealed.

The testimony submitted by witnesses for plaintiff and that offered by defendants' witnesses cannot be reconciled. Plaintiff testified rather vaguely as to the facts of the accident, but he seeks to give the impression that he was struck from the rear.

Alfred Smith—placed on the stand by plaintiff—did not see the actual impact, but

saw the plaintiff "about five or six feet in front of the truck," and later saw him on the ground after the truck had passed.

Vance Sutton—also placed on the stand by plaintiff—heard some one cry, "stop that truck, it hit that man on the bicycle." He did not see the crash.

Defendants' witnesses, on the other hand, with reasonable accuracy, testify in support of the allegations of defendants' answer. It is true that on some points they differ and counsel for plaintiff point to these differences as indicating untruthfulness on the part of some of the witnesses.

Mr. Maloney, who was an employee of the Victory Oil Company, testifies that he was going up Claiborne avenue, and that a truck was also going up that roadway ahead of him; that he noticed a man on a bicycle holding onto a truck, and that, as he (Maloney) passed the truck, he signaled to the driver that a man on a bicycle was holding on, and attempted to convey the information that there was danger. He passed the truck and did not know anything about the accident until later, when his employers received a telephone message asking whether any one connected with them had seen the accident.

Plaintiff contends that his testimony is of no value because Maloney could not identify either the man on the bicycle or even the truck itself. But he did state that the automobile—a Ford V–8—which he was driving was painted a rather noticeable color, and that it was marked with a "V", indicating the name of his employer, Victory Oil Company. It is quite obvious that the driver of the truck, Andrew Allen, recognized this car as belonging to Victory Oil Company, and that later, when the accident occurred, he remembered that some one in a "Victory Oil Company" automobile had called his attention to the bicycle and told his employer, who, in turn, phoned to the Victory Oil Company. We think that these facts fairly identify plaintiff as the person whom Maloney saw holding on to the truck.

Emile Allen was riding in the truck, and he testifies that he saw the plaintiff riding on his bicycle and holding onto the truck. He states that plaintiff had been holding onto the truck for several blocks, whereas the driver of the truck indicates that the plaintiff had been riding in front of the truck and had dropped back of it at a point only one or two blocks from the place of the accident, and counsel for plaintiff contend that these two witnesses differ substantially

on this point—the one testifying that plaintiff was in front of the truck until only a short time before the accident, and the other stating that he had been in the rear of it and holding onto it for several blocks.

This discrepancy seems to us of little importance. The driver and the other witness agree that at the time of the accident the bicycle was in the rear, and a slight difference as to whether it had been there for one or two blocks, or for three or four, is of no importance; the significant fact being that they agree that it was in the rear when the accident occurred.

Leo Fletcher, another witness, who was walking down Claiborne avenue, "did not pay much attention," but "heard a noise and saw the fellow on the ground." He states that plaintiff's "handle-bars got hooked in the automobile when he was holding on the truck."

The evidence which supports defendants' theory of the case substantially preponderates. It is obvious that we cannot say that the judgment is manifestly erroneous.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be, and it is, affirmed.

Affirmed.